IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SIR GIORGIO SANFORD CLARDY**,

Plaintiff,

v.

**GARTH GULICK,** *et al.*,

Defendants.

Case No. 3:17-cv-00503-CL

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Mark D. Clarke issued Findings and Recommendation in this case on July 26, 2018. ECF 44. Judge Clarke recommended that Defendants' Motion for Summary Judgment (ECF 34) should be granted and this action should be dismissed for failure to exhaust administrative remedies.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 47. Plaintiff argues that Defendants should be barred from raising the affirmative defense of failure to exhaust administrative remedies because, in Plaintiff's view, Defendants' answer was untimely. Plaintiff bases this contention on Rule 4(d) of the Rules of Civil Procedure, which states that a "plaintiff may notify . . . a defendant that an action has been commenced and request that the defendant waive service of a summons" and that "[a] defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent." Plaintiff further argues that in this case, Defendants served an answer more than 60 days after the request for a waiver was sent by the Court, and that Defendants should therefore be barred from raising affirmative defenses in their answer.

The Court has reviewed *de novo* those portions of the Findings and Recommendation to which Plaintiff has objected. The Court finds that Rule 4(d) by its own terms governs the

requirements for notice and request for waiver of service when it is sent by a "plaintiff" and not by the Court, as it was in this case. The Court further finds that the request for waiver of service sent by the Court expressly stated that "[t]his action will proceed as if the defendants were served on the date the waiver is filed" and that "Defendants must file an answer or motion under Rule 12 within the time limits set forth in Fed. R. Civ. P. 12(a)(1)(A) or (a)(3)." The Defendants did so here, and thus their answer was timely. This Court therefore agrees with Magistrate Judge Clarke's reasoning regarding Plaintiff's objection and ADOPTS those portions of the Findings and Recommendation.

For those portions of the Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Clarke's Findings and Recommendation, ECF 44. Plaintiff's Motion to Strike State Defendants' Answer to Amended Complaint (ECF 41) is DENIED, Defendants' Motion for Summary Judgment (ECF 34) is GRANTED, and this action is DISMISSED.

**IT IS SO ORDERED.**

DATED this 20th day of September, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge